LLOYD HINKLE v. WALTER I. SMITH, Judge.

PROVING a sale in first building, "South of Commercial hotel on W. street, Atlantic," is not proof of one on lot 21, block 26. No liability for violating an injunction to which one is not a party, nor for sales made by one believed to be his wife, in his absence.

WEDNESDAY, FEBRUARY 7, 1894.

THIS is an action of *certiorari* to test the legality of certain proceedings wherein the plaintiff was adjudged guilty of contempt.—*Reversed.*

*Rockafellow & Scott* for plaintiff.

*H. G. Curtis, T. B. Swan* and *J. E. Bruce* for defendant.

GIVEN, J.—I. We have no argument in behalf of the defendant. The return of the defendant to the writ shows that on April 9, 1891, a decree was duly entered by the district court of Cass county in the case of the *State of Iowa v. Henry Davenport and Chauncey Slater*, finding that Henry Davenport had maintained a nuisance on lot 21, block 26, Atlantic City, Iowa, as charged in the petition. It was adjudged by the court that the buildings and erections on said lot "are hereby perpetually enjoined as places for selling and keeping for sale intoxicating liquors in violation of law." Henry Davenport and Chauncey Slater were perpetually enjoined from keeping or using said place for the sale of intoxicating liquors, and Davenport was enjoined from being concerned in the illegal sale of intoxicating liquors within the county or elsewhere within the fifteenth judicial district. The plaintiff contends that the court acted illegally and without jurisdiction in adjudging him guilty of a violation of said injunction in this: That there was an entire want of evidence tending to show that the plaintiff had in any manner violated said injunction; that plaintiff was not a party to the action in which the injunction issued, and it is not addressed to him, nor was he in any way included within the terms of the injunction. The evidence upon which the plaintiff was adjudged guilty of contempt is briefly, and in substance this: One Wallace testified: "Know the Chauncey Slater building on Walnut street, city of Atlantic, Iowa. It is on lot 21, block 26." One Macy testified: "I was in the first building south of the Commercial Hotel, on Walnut street in the city of Atlantic, Iowa, on August 4, 1891. I was alone. I bought one bottle of beer from a young man in there. Don't know his name." On cross-examination he stated that he was in there on August 6, 1891. "Bought some beer the second time from a lady." He was unable to describe the lady, or to say who she was, further than that he was informed that it was Mrs. Hinkle. He stated that Mr. Hinkle was not in there. The only additional evidence was the decree rendered in the original action. There is no evidence to show that the place where Macy bought the beer was the Slater building, or that it was on lot 21, block 26; nor is there any evidence whatever to show that this plaintiff had anything to do with the keeping of the Slater place, or even of the place where Macy bought beer, except that some one informed Macy that the woman who waited on him was a Mrs. Hinkle. It seems to us very clear that the evidence as shown by the return of the defendant entirely failed to show that plaintiff had violated said injunction. There being an entire absence of evidence, we think the court proceeded illegally in entering the judgment against the plaintiff, and said judgment is, therefore, REVERSED.